. The-Court concurring
in the representation made by Judge Paterson, they proceeded, without further argument on the principal queftion, to
Affirm the Decree.
E. Tilghman fuggefted, however, that' the damages were .very.high, and that, in fa£t, an allowance for counfel fees was-included, though it did not appear on-the record.
Du Ponceau, urged, that the court could not travel opt of - the record to aicertain a fadl. In. the cafe where an allow» anee for counfel’s fees had been ilruck out, that charge and all the items on which damagesRad been awarded,'were ftated in an account annexed to-the record.*
Chase, Jiflice
::—'-An account^ of items, as a. foundation to award damages, 'was exhibited in the court-below: but it is a . fufficient anl'wer here, that the allowance does riot appear on the record.
The .Court concurred in this opinion; and Du Ponceau pray! ed an encreafe of damages for the delay occafioned by bringing this writ of error, contending, that under the 23d fection of the *338 Judicial Act, damages for delay were perémptoriJy prefcrlbe'd, and that'the difcr.etion of the'eourt only went to the award oí Angle or double coits'.
But, by the COURT —The prize Was fold by the agreement of the parties, the. Captor and the French Confuí; but the money was afterwards flopped in the hands of the Marihal,- - upon a monition iffued by a third perfon (the original owner of the prize) who was not a party to the agreement. The decree muft be affirmed without an encreafe of damages; and the inteáeft to the prefent day, muft run upon the debt only, and not <⅛ the damages.
Du Fonteau, next prayed an allowance of ia dollars and 50 cents, the cpft of a printed ftate of the cafe for the ufe of the Judges.
But the COURT obferved, that, however convenient it might be, there was no rule authorifing the charge; and* therefore, it could not be allowed.* ;

 See Arcambel verfai Wijeman, ant, f, 306.

 Though I have reported all that occurred in the Court-upon the hearing of this caufe, it may, perhaps', be of ufe to fubjoin a copy of the printed cafe,- which was allowed by E. Tilghman to be correct.
Jennings and Vainer, P' ai n tiffs in Error, verfus the brigY Writ of Error Perfeverance and 1- ;r cargo, or the monies arifing / from the Circuit .therefrom, in the hands of William Peel, Efq. V Court, for the Marihal of the diftrict of Rhode Iiland, and Louis L diftrict of .Aicamhal, Claimant and Defendant in Error; j Rhode Iiland.
Proceedings in the'Tlijiriñ Court, 20/A September, 1794.
THE now Plaintiffs in error, fubjefts of the King of Great Britain,’ file their Libel, complaining of. the -capture made on the 27th' of July' preceding, of their brig Perfeverance and her cargo, on the high, leas, 011a voyage ffom Turks Iiland,. to St. John’s, New Brunfwiak.° They ftate that file was captured by two armed veffels, each of about 35 tons burthen, one called theSanfpareil,the other the Señora, brought Into the diftriit of Rhode Iiland, under the care of Johti Baptifte Bernard, prizc-mafterj fol.d by his order -at Providence, for 5028 dollars, and the proceeds lodged in the hands ofthe Maríhal ofthe diftnét where they now are.
.-' They complain that the Señora was originally fittedout, and the force ofthe ^anfpareil was encreajed and augmented, by adding to the number of guns and ¿un carriages, at Charlefton, South Carolina, with intent to cruize, &c.
That at the time of capture, there were on board both the captured veffels,. divers citizens of the United States, to wit, on board the Sanf-pari’U 12, and on board the Serona at, all of. whom were aiding and alififting at the capture.
- That there .was no perfon on board of either ofthe capturing veffels duly commiftioned to make captures, See,
Xhe'y pray reftitution of the veffel and cargo, or the proceeds thereof.
PROCESS SERVED IN' DUE FORM.
FIRST MONDAY IN NOVEMBER, I794.
■ John Baptifte Bernard, prize-mailer, appears and pleads, to the jprif-Uiftion .ofthe court—he grounds his plea upon the following reafops : »ft. That the legality of the capture had alieady been determined *339 under the authority of. the United States* and agreeably to the praftice of nations, and in'the mode required at the fpeciai inftance of the Libellants, by their public Conful, relident in the faid diftriit of Rhode liland,
' 2d. That the cuftody of the proceeds df-the prize had come to the Marlhal in due courfe of law, and not under the authority of the court —therefore the difpofal thereof was not tinder its jurifdiftion.
3d. That the fale of the prize having been made on land, Admiralty had no jurifdiftion.
4th. That there was an adequate remedy at common law, by an aftion agaiuft the Marlhalfor money had and redeived.
5th. That the prize was made from Britifh fubjefts in open war, on the high feas, by the crew of the fehobner Sanfpareil, belonging to citizens of the French Republic, commanded by ai French citizen,. manned with more than two thirds of her crew by French feamen and marines, and bearing a commiflion of war under the French Republic'.
Concludes to the jurifdiftion only, prays that the court will take no further cognizance, but that the libel be difmifled.;
N o replication or further pleadings appear on the record, the decree of . the Diftrict Court appears to have been given on the libel arid plea only, and is iri the following words :
Nov. 6th} 1794. ‘ Upon mature confideration of the allegations in the * libel contained, and.of the plea of the claimants againft the jurifdic- ‘ tion of the court thereon, and of the arguments of the counfel, &cl it appears to me that the reafons afligned, or mnft of them, are to the me-> ‘ ritsof the caufe, and not to th'e jurifdiftion of the court, that they are ‘altogether infuflicient to take the cognizance and jurifdiction of-the ‘ court from the pr'efent caufe as fet forth in the faid libel, and therefore ‘ I*do fuftain the jurifdiction of the court thereon,’
* By documents annexed to, and making a part of the record, it appears, that previous to thisfuit being infiituted7 the Libellants^ reprefemed by the Britifh confuí^ préfer.rea the fame aomplaints that are contained m their libel to the Governor of Bhode~lJland, Wto, in confequencé of the- faid complaint, and in purfuance of infractions fromt the Executive of the United States, which are ■alfo annexed to the record, did hear the merits of the faid complaint in a folemn judicial form¿ upon evidence produced and examined on both fides, andfinally djmiffed. the faid complaint, on' the ground of tts being unfupported by evidence ■
*340 .After this decree no rule to anfnver over .appears to have been prayed by the libellants, no further pleadings appear upon thevrccord, butimme-diately after the faid decree, an entry is made in thefe words:
‘-Thiscaufe was continued to the next February term, to be.heard on. ‘ the merited ' ' -
The caufe is theft continued fucce'ffively, by confertt of the parties, to-Auguft term 1795,.when the Judge pronounced his final decree ; the record of which is asfollows.
‘ This caufe having been.continued, by confent of the parties, from ‘ term to term, ever lince November term, in the year one thouland fe-ven hundred and ninety-four, for trial upon - the .17 .rits—it was now ‘ further moved by the counfel for the libellants, th¡ : the fame be fur— ‘ ther continued to next November term, to proci re further evidence, ‘ this motion was oppofed by the counfel for the claimant!, for that the ‘caufe-had been continued three terms, beyond which a.further indulgence would be unreafonable. XJpon a full hearing thereof, it.feemed ‘ to .the court, that .the caufe ought not to be further continued,-and. the ‘judgment of the court was, that the faid morion for a continuance be ‘ ovér-rúled—Whereupon the caufe being called for heating upon the < merits, the libellants declined and refufed to offer any proofs or argu- ‘ ments in fupport of their faid libel, and thereupon I do adjudge, that ‘ the.faid'libel be difmiffed, and do- further adjudge, p-der and decree, ‘ that the proceeds arifing from the' fales of. the faid brig Perfeverance . ‘ and her cargo, in the hands of the faid William Peck, amounting ta ‘ 5028 dollars, be'by him', the faid .William Peck, reftored, given up, ‘ and pdid to the faid John Baptiffe Bernard, claimant in the faid caufe, ‘ and refpondent to the faid libel,-firft deducting therefrom the duties paid ‘ into fhe cuftom-houfe omthe faid cargo, and the commiffion arifing on. ‘ the fales of faid brigand cargo,- together with fuch other exp.ences as' ‘ this fcourtjnay all.ow or decree-—and I do further order, adjudge and ‘.decree that the faid libellants' pay to the faid-John.Baptifte Bernaid, • claimant in this caufe, as damages occafioned'by the detention of laid' ‘ monies arifing from the fales of the faid .brig Perfeverance, after faid ' ‘ deduction fo to be made asaforefaid, the intereft of the-fame from the ‘ 24th day of September, in the year 1794, to the-’day of the date of this ‘/decree, at the' rate of fix per cent, per annum,.as the fa. e lhall be caft ‘ and reported by the clerk of this c.ourt, upon the fura to be reftored and ‘ paid by the faid William P-eck, together with 300 dollafs in full of all ‘.ocher damages and cofts fuftained or expended in-and about this caufe,”.
' , Firft Monday in Auguft, 1795. Upon which an appeal-was inteipofed by the Libellants.
PROCEEDINGS -IN- THE CIRCUIT COURT.
The firft proceedingstin this court are on the 20th of'June 1796, .when Louis Árcamba!, Vice Confuí of the French Re'public, appears ⅛ the paufe and files his claim, praying that the libel be difmiffed, arid the. proceeds of the prize be delivered up to him with damages and cofts.
He is admitj/ed as clainjanf without any oppolilion. No further pleadings appear to have taken .place in this court. On the 25th of June ¾796,.-the court proceed to decree an.the appeal in thefe words :
-5 Decreed, chat fo much-of the decree of the Diftricl Court as decreed f thar the libel be dilmiffedj be and hereby is affirmed, and that thereii- ‘ due of the faid decree bV and hereby is revehfed—and it is further or-4 derpd and decreed, that the proceeds arifing from the fales of the faid ‘ brig Perfeverance in the hands' of William Peck, amounting to 5028 f dollars, te by h-im reftored' and- paid to Louis Arcambal, Vice Conful « tlf ⅜1⅜ ¡freupfi Repúbli'c? admitted' by this court as claimant in this *341 4 caufeforthe ufe of the owners, officers, and crew of the armed fchoor- < tier Sanfpareil, firft deduiting theiefrom the duties paid into the cuf-1 tom-houfe'on the faid cargo, and the conimiffion on the fales—it is fur- ‘ 'ther ordered and decreed, .that cite faid libellants pay to the faid Louis ‘Arcambal for the ufe of the owners, officers and crew aforefaid, for ‘ damages occafioned by the detention of the laid monies arifing from 4 the fales :f the faid brig Perfeverance and her cargo Rafter the deduc-4 tion aforefaid) ¿00 dollars, and alfo the.intereft, at the rate of fix per 4 cent per annum,,on the money in the hands of the faid William Peck,- ‘ (after.the deductions aforefaid) from the 241I1 of September, 1794, to ‘ the date of this decree, together with Lhe caits in the Diftrifl Court, and 4 this 'court.’ '
Whereupon a writ of.error is prayed by Thomas Jennings and John I...Tenner, and allowed.
■ No affignment of errors appears to have been filed in the Court below, according .to law* ; the facts on which the Circuit Court founded their decree, do notappear either from the pleadings and decree itfelf, orftom a ftatement made by the parties or by'the court.’
It is intended by the Defendants in error to objefl to any error m faB being affigned or argued by the Plainttifs, agreeably to the zad fection of me judiciary act, and for the followingreafons :
1. That it \Vas the duty of the Plaintiffs in error, to fee that tliejfacts were made to appear oil the record, otherwife the court will prefume that the facts found, by the Circuit Court were fuch as warranted the inference of '¡civ, which they thought proper to drawfrom them. That on the 'authority of the cafes of the United State tv La Vengeance^ Pintado v.
JSerard, and iftftart v. Vim'ehy, determined at the laft Supreme Court, this court cannot, without the confcnt of the parties, go into the examination of the evidence annexed to .the record.-
2. Thaj tlie.Defendants cannot give their confent to going to a hearing upon the evidence, becaufe this matter has been kept depending in various ihapes, for a period of almoft three yeais, at the inftance of the Plaintiffs,- who liave had three hearings upon the merits, ift. Before ' the Governor of Rhode Iiland. 2d. Before the Diftriit Court! 3d. Be-fóte the Circuit Court.-
3. Becaufe the Executive of the United States, had competent authority, by the ufage of nations and the law of the land, to decide, whether or not there was'ground for reftitution in the prefent café ; and whether its jurisdiction be exclujive of, or concurrent with, the judicial courts, its deciiion, obtained on the application of the libellants, is a bar to the prefent fuit, and even if the Governor of Rhode Iiland, had no legal jurifdiition or cognizance of the cafe, his deciiion ought to be final, as the award of an arbitrator, or amicable judge, agreed upon by
the parties.
- If, neverthelefs, the Court fliould be of a contrary opinion, the caufe will remain to be examined on thdevidence, which is annexed to the re— cord, and is too lengthy to admit of an analyfis in this ftatement, and •from that evidence the following points willarife.
ift. A point of faB: Whether tfie charges exhibited in the libel are fupported, andiffo,
2d. The point of law : Whether the fails fo fta'ted in the libel are a fuf-ficient ground 5n law for a j udicial reftit-ution.
Upon the whole, the Defendants in Error pray that the decree of .the Circuit Court may be affirmed with coils and damages for the delay,
* The general error has been afpgtied jince the record e-ame hp. Admitted nune pro tunc.
*342 to ~vir, the Ta\vful intereft of the ~tate of Rhode Ifland, being fix per centuni ner annum, on the baianc~ in the handtof the Marthal of the faid diftii~, and alfo. on the .fum of eight hundred dollars awarded as ~t~iit~ages by the. laid Circuit Court, to; be computed from th~ ~5th of June, x796, the date of the faid decree. . ~.
ASHEL~. KOWm.~S, PETER S. ~UPONCEAU.
Of C'oi~n/e1 Wi//i thc I).feixlait;.
Fhiladclpfiia, 6ii~ Febru~